# Richmond

DELTA OIL SALES COMPANY, INC. v. H. S. HOLMES,
AND OTHERS.

April 21, 1947.

Record No. 3209.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley
and Buchanan, JJ.

The opinion states the case.

*White, Hamilton & Wyche*, for the appellant.

*William Old*, for the appellees.

SPRATLEY, J., delivered the opinion of the court.

This proceeding is, in a sense, a sequel to the case of *Delta Oil Sales Co. v. Holmes, ante*, p. 301, 42 S. E. (2d) 262. The former suit involved an application for a permit to construct and operate a gasoline filling station on a lot of land at the southeast corner of Perry and W. Washington streets, in the city of Petersburg, Virginia, fronting 100 feet on Perry street and 111 feet on W. Washington street. In that case, the trial court, the same court from which this appeal came, entered a final decree on March 21, 1946, granting an injunction restraining the issuance of the permit, in accordance with the oral opinion of its chancellor, delivered on February 22, 1946.

On March 5, 1946, prior to the entry of the above decree, the appellant filed another application for a permit to construct and operate a gasoline filling station on a lot at the same street corner, described as fronting 150 feet on Perry street and 111 feet on W. Washington street. The building inspector of the city of Petersburg granted the permit, and the appellant began the construction of the service station. The identical complainants in the first mentioned suit thereupon filed their bill against the appellant and T. Price Samuel, the city building inspector, to enjoin the construction of the service station and to have the granted permit declared null and void.

The case came on to be heard on the bill of complaint, the answer of the defendants, and a stipulation of counsel as to certain facts. The trial court, on June 27, 1946, entered its decree holding that the land described as fronting 150 feet on Perry street and 111 feet on W. Washington street consisted of two lots fronting on Perry street 100 feet and 50 feet, respectively, and that the final decree of March 21, 1946, in the first suit was *res adjudicata* of the right of the appellant to construct and operate a filling station at the described location. The issued permit was declared null and void, and the appellant was enjoined from constructing and operating a gasoline filling station at the southeast corner of Perry and W. Washington streets, unless and until it secured the consents required by the decree of March 21, 1946, in the former suit.

In his written opinion filed with the record, the learned chancellor reviewed the litigation between the parties. He stated that the land described in the granted permit was "not to be considered for the purpose of this case an *enlargement* of the corner lot but rather the addition to its filling station area of *another lot*." He then held that the whole matter between the parties was *res adjudicata*, both as to the validity of the city ordinances and the prohibition against the construction and operation of a filling station at the southeast corner of Perry and W. Washington streets, so long as the

final decree in the first suit remained unappealed from and unreversed.

He discussed several other matters in connection with the litigation between the parties, but stated that since his decision rested upon the then concluded litigation in the former suit between the same parties concerning the same subject matter, it was unnecessary to decide any other question.

Since the decree in the former suit has been reversed, and the decision of the trial court in this case was based solely upon it prior to its reversal, the basis for the decree in this case no longer exists.

As may be readily seen, the circumstances and situation of the parties have been greatly changed by our reversal of the decree in their former suit. No determination of the questions which may consequently be presented in this suit can be properly made, except upon a review and appraisal of the new circumstances and situation of the parties in the light of changed conditions. This opportunity was not afforded the trial judge.

For the foregoing reasons, the decree appealed from must be reversed and the case remanded for such further proceedings as may be deemed necessary and proper.

*Reversed and remanded.*